FILED

2018 SEP 28 P 3:59

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

CIVIL DISTRICT COURT

NO. 18-9798  SECTION  DIVISION "F"

PHYLLIS PENNINO AND SALLY PENNINO,
INDIVIDUALLY AND ON BEHALF OF SALVADOR PENNINO

VERSUS

REILLY-BENTON COMPANY, INC., ET AL.



ORIGINAL

FILED: _____    _____
                                        DEPUTY CLERK

**PETITION FOR DAMAGES**

TO THE HONORABLE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA, AND THE JUDGES THEREOF:

1. Made Petitioner herein are **PHYLLIS PENNINO and SALLY PENNINO, Individually and on behalf of the late SALVADOR PENNINO**, adult resident citizens of the Parish of Jefferson, State of Louisiana.

2. Made Defendants herein are:

**ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS**

1. AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to BUFFALO PUMPS, INC.
2. ARMSTRONG PUMPS, INC.
3. AURORA PUMP COMPANY
4. BIRD CORPORATION
5. CBS CORPORATION, a DELAWARE CORPORATION, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION
6. CERTAINTEED CORPORATION
7. COPES-VULCAN, INC.
8. CUMMINS, INC.
9. CRANE COMPANY
10. CROWN CORK & SEAL USA, INC.
11. DANA COMPANIES, LLC
12. FLOWSERVE U.S., INC., Individually and as Successor-in-Interest to ROCKWELL MANUFACTURING COMPANY and EDWARD VALVE CO.
13. FMC CORPORATION, Individually and as Successor-in-Interest to CHICAGO PUMP COMPANY
14. FMC CORPORATION, on behalf of its former STEARNS BUSINESSES,
15. FMC CORPORATION, on behalf of its former CONSTRUCTION EQUIPMENT GROUP, as successor-in-interest to LINK-BELT
16. FORD MOTOR COMPANY
17. FOSTER WHEELER ENERGY CORPORATION
18. GARDNER DENVER, INC.
19. GENERAL ELECTRIC COMPANY
20. GENUINE PARTS COMPANY
21. THE GOODYEAR TIRE & RUBBER COMPANY
22. GOULDS PUMPS (IPG), LLC
23. GREENE, TWEED & COMPANY
24. GRINNELL, LLC

VERIFIED
10/1/18

25. GRUNDFOS CBS, INC., as Successor-in-Interest to PACO PUMPS, INC. and PACIFIC PUMPING COMPANY
26. HOBART BROTHERS COMPANY
27. HONEYWELL INTERNATIONAL, INC.
28. HYSTER-YALE GROUP, INC., f/k/a NACCO MATERIALS HANDLING GROUP, INC., Individually and as Successor-in-Interest to YALE MATERIALS HANDLING CORP. and HYSTER COMPANY
29. IMO INDUSTRIES, INC.
30. INDUSTRIAL HOLDINGS CORPORATION f/k/a CARBORUNDUM COMPANY
31. INGERSOLL-RAND COMPANY
32. ITT CORPORATION
33. JOY GLOBAL SURFACE MINING INC., f/k/a P&H MINING EQUIPMENT, INC., f/k/a HARNISCHFEGER CORPORATION
34. JOY GLOBAL UNDERGROUND MINING LLC, FORMERLY JOY TECHNOLOGIES INC., and as Successor-by-Merger to JOY MANUFACTURING COMPANY
35. JOY INDUSTRIES, INC.
36. JOY TECHNOLOGIES, INC.
37. LINK-BELT CONSTRUCTION EQUIPMENT CO.
38. MARYLAND CASUALTY COMPANY as the insurer of MARQUETTE INSULATION, INC.
39. McCARTY CORPORATION
40. MILLER ELECTRIC COMPANY
41. NAVISTAR, INC.
42. P&H MINING EQUIPMENT, INC.
43. REILLY-BENTON COMPANY, INC.
44. SAINT-GOBAIN ABRASIVES, INC.
45. TAYLOR-SEIDENBACH, INC.
46. UNION CARBIDE CORPORATION
47. WARREN PUMPS, LLC
48. VIKING PUMP, INC.

These Defendants are being sued as ASBESTOS MINERS/ MANUFACTURERS/ SELLERS/ SUPPLIERS/ DISTRIBUTORS/ CONTRACTORS.

### EMPLOYER/PREMISE OWNER/EXECUTIVE OFFICERS/INSURERS

49. AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED;
50. ALBERT BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.;
51. ONEBEACON AMERICA INSURANCE COMPANY, f/k/a Commercial Union Insurance Company, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, Eddie Blanchard, Ollie Gatlin, Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon (via Service of press via the Direct Action Statute L. R. S. 22:655);
52. METROPOLITAN LIFE INSURANCE COMPANY

These Defendants are being sued as EMPLOYERS/ PREMISE OWNERS/ EXECUTIVE OFFICERS/INSURERS

3. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

4. Defendant Maryland Casualty Company as the insurer of Marquette Insulation, Inc. is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to

the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Marquette Insulation, Inc., and Marquette Insulation, Inc. was domiciled in Orleans Parish at its respective time of dissolution, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes;

5.      Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42 because this action is brought in a parish of proper venue as to the Defendants, deceased Executive Officers Henry "Zac" Carter, Hettie Margaret Dawes-Eaves and Edwin Hartzman, who at the time of their deaths were domiciled in Orleans Parish, which is a proper venue pursuant to Louisiana Code of Civil Procedure Article 42; and pursuant to *Dempster v. A.P. Green Industries, Inc.*, 753 So.2d 330 (La. App. 4th 2000) is the domicile of the insurer.

6.      Defendant OneBeacon is insurance companies authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Deceased Avondale Executive Officers Hartzman, Carter and Dawes-Eaves, all of who were domiciled in Orleans Parish at their respective time of death, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes;

7.      This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Decedent's exposure to asbestos and subsequent contraction of asbestos-related lung cancer and therefore each is solidarily liable to Petitioners with each of its co-defendants, and defendants Taylor-Seidenbach, Inc., Maryland Casualty Company as the insurer of Marquette Insulation, Inc. and OneBeacon as the insurers of the Avondale executive officers, are or were domiciled in Orleans Parish.

## BACKGROUND

8.      Decedent Salvador Pennino suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants, which exposure ultimately resulted in his contraction of asbestos-related lung cancer. Decedent Salvador Pennino was employed by Avondale Industries, Inc., worked as a welder building tug boats, worked offshore and owned/operated a seafood restaurant. While working in Louisiana from approximately 1956 until his death, Decedent's Louisiana work sites, trades and years of exposure to asbestos include, but are not limited to, those identified in Exhibit "A". During the course and scope of his employment as set forth in Exhibit "A", during certain years, Decedent used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein dangerously high levels of asbestos fibers

escaped into the ambient air of the work place, resulting in Petitioner breathing those fibers, subsequently causing the development of asbestos-related lung cancer.

9. Before and during Salvador Pennino's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities and/or individuals listed in Paragraph 8, where Decedent was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

10. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

11. Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Decedent, of the health hazards inherent in the asbestos-containing products they were selling and/or using.

12. As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described in Paragraph 8, Decedent Salvador Pennino contract asbestos-related lung cancer. Salvador Pennino's passed away from asbestos-related lung cancer on December 11, 2017.

13. Because of the latency period between exposure to asbestos and the onset of asbestos-related lung cancer, Petitioners have only recently discovered Decedent's injuries and not more than one year preceding the filing of this Petition for Damages.

14. Petitioners disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioners also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

15. Petitioners disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, including but not limited to the Outer Continental Shelf. Specifically, Petitioners do not allege nor will they claim that any asbestos exposure occurred on or arose from activities related to the Outer Continental Shelf.

### NEGLIGENCE ALLEGATIONS AGAINST SELLER, DISTRIBUTOR, SUPPLIER, AND CONTRACTOR DEFENDANTS

16. As to AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to BUFFALO

PUMPS, INC., ARMSTRONG PUMPS, INC., AURORA PUMP COMPANY, BIRD CORPORATION, CBS CORPORATION, a DELAWARE CORPORATION, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION, CERTAINTEED CORPORATION, COPES-VULCAN, INC., CUMMINS, INC., CRANE COMPANY, CROWN CORK & SEAL USA, INC., DANA COMPANIES, LLC, FLOWSERVE U.S., INC., Individually and as Successor-in-Interest to ROCKWELL MANUFACTURING COMPANY and EDWARD VALVE CO., FMC CORPORATION, Individually and as Successor-in-Interest to CHICAGO PUMP COMPANY, FMC CORPORATION, on behalf of its former STEARNS BUSINESSES, FMC CORPORATION, on behalf of its former CONSTRUCTION EQUIPMENT GROUP, as successor-in-interest to LINK-BELT, FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GARDNER DENVER, INC., GENERAL ELECTRIC COMPANY, GENUINE PARTS COMPANY, THE GOODYEAR TIRE & RUBBER COMPANY, GOULDS PUMPS (IPG), LLC, GREENE, TWEED & COMPANY, GRINNELL, LLC, GRUNDFOS CBS, INC., as Successor-in-Interest to PACO PUMPS, INC. and PACIFIC PUMPING COMPANY, HOBART BROTHERS COMPANY, HONEYWELL INTERNATIONAL, INC., HYSTER-YALE GROUP, INC., f/k/a NACCO MATERIALS HANDLING GROUP, INC., Individually and as Successor-in-Interest to YALE MATERIALS HANDLING CORP. and HYSTER COMPANY, IMO INDUSTRIES, INC., INDUSTRIAL HOLDINGS CORPORATION f/k/a CARBORUNDUM COMPANY, INGERSOLL-RAND COMPANY, ITT CORPORATION, JOY GLOBAL SURFACE MINING INC., f/k/a P&H MINING EQUIPMENT, INC., f/k/a HARNISCHFEGER CORPORATION, JOY GLOBAL UNDERGROUND MINING LLC, FORMERLY JOY TECHNOLOGIES INC., and as Successor-by-Merger to JOY MANUFACTURING COMPANY, JOY INDUSTRIES, INC., JOY TECHNOLOGIES, INC., LINK-BELT CONSTRUCTION EQUIPMENT CO., MARYLAND CASUALTY COMPANY as the insurer of MARQUETTE INSULATION, INC., McCARTY CORPORATION, MILLER ELECTRIC COMPANY, NAVISTAR, INC., P&H MINING EQUIPMENT, INC., REILLY-BENTON COMPANY, INC., SAINT-GOBAIN ABRASIVES, INC., TAYLOR-SEIDENBACH, INC., UNION CARBIDE CORPORATION, WARREN PUMPS, LLC, and VIKING PUMP, INC., Petitioners assert causes of action in negligence for the manufacture and sale of unreasonably dangerous asbestos-containing products, thereby substantially contributing to Decedent's asbestos exposure, resultant lung cancer, and ultimately, his death.

17. As to the Defendants listed in Paragraph 16, Petitioners assert causes of action in negligence for the sale and supply of asbestos and asbestos-containing products and failure to warn, thereby substantially contributing to Decedent's asbestos exposure, resultant lung cancer, and ultimately, his death.

18. As to the Defendants listed in Paragraph 16, Petitioners assert causes of action in negligence as the commercial supplier of asbestos and asbestos-containing products, thereby substantially contributing to Decedent's asbestos exposure, resultant lung cancer, and ultimately, his death.

19. As to the Defendants listed in Paragraph 16, Petitioners assert causes of action in negligence for the lack of reasonable care in the handling, use, installation and removal of asbestos-containing products in the vicinity of Decedent and failure to warn, and negligence for damages caused by products within their care, custody, and control, thereby substantially contributing to Decedent's asbestos exposure, resultant lung cancer, and ultimately, his death.

20. The Defendants listed in Paragraph 16 sold asbestos-containing insulation and building products to Decedent's Louisiana work sites including, but not limited to, those identified in Exhibit "A" during the Decedent's exposure period from the mid 1950s through at least the late 1970s. They knew or should have known they were selling unreasonably dangerous products and failed to warn about those dangers. In addition, these Defendants are liable for "manufacturing" asbestos containing products, including pipe insulation, cement, gaskets, blankets and fittings, marinite/micarta "sandwich" boards, which they sold to, or used during insulation or other contract work performed at Decedent's work sites including, but not limited to, those identified in Exhibit "A" during the Decedent's exposure period from the mid 1950s through at least the late 1970s. Decedent was exposed to said products. Said products were unreasonably dangerous *per se*, unreasonably dangerous in normal use, and dangerous in design or composition. In addition, said products were unreasonably dangerous because these Defendants failed to properly warn workers, including Decedent, of these dangers. In addition, the owners and operators of Decedent's work sites including, but not limited to, those identified in Exhibit "A" during the exposure period from the mid 1950s through at least the late 1970s contracted with one or more of these Defendants to perform insulation or other contracting work, involving the installation, removal, handling and/or manipulation of asbestos-containing material. Said insulation work had the direct result of releasing into the workplace atmosphere, within Decedent's breathing zone, dangerous levels of asbestos dust and fibers. Consequently, Decedent was exposed to, and inhaled, said asbestos dust and fibers, sustaining injury to his lungs, culminating in development of asbestos-related lung cancer. These Defendants were negligent in failing to isolate their work activities involving asbestos, not warning bystanders regarding the dangers of inhaling asbestos dust, and not using proper administrative and engineering controls, such as proper ventilation and wet-down techniques, to minimize and/or eliminate asbestos exposure suffered by bystander employees, including Decedent. In addition, these Defendants held out to the public, by their representations and packaging, including the use of boxes, cartons or bags bearing the name or logo of their company, that they were the

manufacturers of the asbestos-containing products which they sold to Decedent's work sites including, but not limited to, those identified in Exhibit "A" during the Decedent's exposure period from the mid 1950s through at least the late 1970s. Consequently, under Louisiana law, these Defendants are deemed to be "manufacturers" of the asbestos-containing products they sold, and are negligent for the injury they caused to Decedent.

21. The asbestos-containing products manufactured, distributed, and/or sold by these Defendants were unreasonably dangerous in normal use, were defective in design or composition, were dangerous *per se* and/or were dangerous because of a lack of a proper warning regarding their dangers. In addition, these Defendants made various representations and warranties regarding the safety, efficacy or desirability of using their asbestos-containing products. These Defendants are liable for breaching these warranties because, in fact, their asbestos-containing products are extremely dangerous and are not particularly useful due to the availability of asbestos-free substitute products. Further, these Defendants failed to properly warn the Decedent of the dangers associated with the use of such products, including the risk of developing mesothelioma, cancer and other lung diseases.

22. These Defendants are negligent for manufacturing and selling dangerous and defective products. Alternatively, they are negligent in manufacturing and selling dangerous and defective asbestos-containing products and for failing to properly warn regarding their dangers.

23. As a result of the defective and unreasonably dangerous condition, design and composition of the asbestos-containing product manufactured, distributed and/or sold by these Defendants, Decedent was exposed to and caused to inhale, during the Decedent's exposure period from the mid 1950s through at least the late 1970s dangerous amounts of asbestos dust and fibers. As a direct result, he developed asbestos-related lung cancer and ultimately died.

24. The aforementioned acts and omissions of the Defendants, for which they are solidarily and jointly liable, under a negligence standard, proximately caused the Decedent's injuries, damages and losses.

**INSURANCE ALLEGATIONS**

25. Defendant MARYLAND CASUALTY COMPANY, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Marquette Insulation, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant MARYLAND CASUALTY COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

26. Defendant ONEBEACON AMERICA INSURANCE COMPANY, on information and belief, had

in full force and effect a policy or policies of liability or excess insurance insuring Avondale's executive officers, against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant ONEBEACON AMERICA INSURANCE COMPANY is directly liable to Petitioners under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

**WHEREFORE,** on the basis of all of the foregoing premises set out in Paragraphs 1 through 26, Petitioners request that Defendants be served with this Petition and that there be judgment against these Defendants jointly, severally and in solido in a sum sufficient to compensate Petitioners for the following:

a. All past, present and future medical costs or expenses related thereto;

b. All past, present and future lost earnings;

c. All past, present and future mental suffering, anguish, pain and suffering;

d. All past, present and future physical pain and suffering;

e. Loss of quality of life; and

f. Past, present, and future disability.

**WHEREFORE,** Petitioners pray that after due proceedings had, there be judgment herein in favor of Petitioners and against the Defendants as prayed for.

Respectfully submitted,

LANDRY & SWARR, LLC

MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
PHILIP HOFFMAN, Bar No. 32277
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215
lslaw@landryswarr.com

**COUNSEL FOR PETITIONERS**

## SERVICE INSTRUCTIONS:

**PLEASE SERVE THE FOLLOWING:**

**AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to BUFFALO PUMPS, INC.**
Who may be served pursuant to Louisiana Long Arm Statute:
Through Its Registered Agent:
Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

**ALBERT BOSSIER, As an Executive Officer of Avondale Industries, Inc.**
Through Brian C. Bossier
Blue Williams LLP
3421 N. Causeway Boulevard, Ninth Floor
Metairie, LA 70002

**ARMSTRONG PUMPS, INC.**
Who may be served pursuant to Louisiana Long Arm Statute:
c/o Hodgson Russ LLP
The Guaranty Bldg.
140 Pearl St., Suite 100
Buffalo, NY 14202

**AURORA PUMP COMPANY**
Via the Louisiana Long Arm Statute
Through Its Registered Agent:
Kevin Keyes
13320-A Ballantyne Corporate Place
Charlotte, NC 28227

**AVONDALE INDUSTRIES, INC., f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED**
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**BIRD CORPORATION**
Who may be served pursuant to Louisiana Long Arm Statute:
1077 Pleasant St.
Norwood, MA 02062

**CBS CORPORATION (f/k/a VIACOM, INC.** *successor by merger with* **CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION)**
Via the Louisiana Long Arm Statute:
51 West 2nd Street
New York, NY 10019

**CERTAINTEED CORPORATION**
Through Its Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**COPES-VULCAN, INC.**
Who may be served pursuant to Louisiana Long Arm Statute:
Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**CUMMINS, INC.**
Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**CRANE COMPANY**
Who may be served pursuant to Louisiana Long Arm Statute:
100 First Stanford Place
Stanford, CT 06902

**CROWN CORK & SEAL USA, INC.**
Who may be served pursuant to Louisiana Long Arm Statute:
1 Crown Way
Philadelphia, PA 19154-4599

**DANA COMPANIES, LLC**
Who may be served pursuant to Louisiana Long Arm Statute:
C T Corporation System
4400 Easton Commons Way, Suite 125
Columbus, OH 432019

**FLOWSERVE U.S., INC., Individually and as Successor-in-Interest to ROCKWELL MANUFACTURING COMPANY and EDWARD VALVE CO.**
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**FMC CORPORATION, Individually and as Successor-in-Interest to CHICAGO PUMP COMPANY**
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**FMC CORPORATION, on behalf of its former STEARNS BUSINESSES**
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**FMC CORPORATION, on behalf of its former CONSTRUCTION EQUIPMENT GROUP, as successor-in-interest to LINK-BELT**
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**FORD MOTOR COMPANY**
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**FOSTER WHEELER ENERGY CORPORATION**
Through Its Registered Agent:
United gent Group, Inc.
1070-B West Causeway Approach
Mandeville, LA 70471

**GARDNER DENVER, INC.**
Registered Agent:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**GENERAL ELECTRIC COMPANY**
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**GENUINE PARTS COMPANY**
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**THE GOODYEAR TIRE & RUBBER COMPANY**
Through Its Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

**GOULDS PUMPS, LLC**
Through Its Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**GREENE, TWEED & COMPANY**
Who may be served pursuant to Louisiana Long Arm Statute:
2075 Detwiler Rd.
Kulpsville, PA 19443

**GRINNELL, LLC**
Through Its Registered Agent:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

**GRUNDFOS CBS, INC., as Successor-in-Interest to PACO PUMPS, INC. and PACIFIC PUMPING COMPANY**
Who may be served pursuant to Louisiana Long Arm Statute:
902 Koomey Road
Brookshire, TX 77423

**HOBART BROTHERS COMPANY**
Who may be served pursuant to Louisiana Long Arm Statute:
CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

**HONEYWELL INTERNATIONAL, INC.**
Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

HYSTER-YALE GROUP, INC., f/k/a NACCO MATERIALS HANDLING GROUP, INC., Individually and as Successor-in-Interest to YALE MATERIALS HANDLING CORP. and HYSTER COMPANY
Who may be served pursuant to Louisiana Long Arm Statute:
Corporation Service Company
50 West Broad St., Suite 1330
Columbus, OH 43215

IMO INDUSTRIES, INC.
Through Its Registered Agent
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

INDUSTRIAL HOLDINGS CORPORATION f/k/a CARBORUNDUM COMPANY
Through Its Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

ITT CORPORATION
Who may be served pursuant to Louisiana Long Arm Statute:
C.T. Corporation System
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

JOY GLOBAL SURFACE MINING INC., f/k/a P&H MINING EQUIPMENT, INC., f/k/a HARNISCHFEGER CORPORATION
Who may be served pursuant to Louisiana Long Arm Statute:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

JOY GLOBAL UNDERGROUND MINING LLC, FORMERLY JOY TECHNOLOGIES INC., and as Successor-by-Merger to JOY MANUFACTURING COMPANY
Who may be served pursuant to Louisiana Long Arm Statute:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

JOY INDUSTRIES, INC.
Who may be served pursuant to Louisiana Long Arm Statute:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

JOY TECHNOLOGIES, INC.
Who may be served pursuant to Louisiana Long Arm Statute:
C.T. Corporation System
208 South LaSalle Street, Ste. 814
Chicago, IL 60604

LINK-BELT CONSTRUCTION EQUIPMENT CO.
Who may be served pursuant to Louisiana Long Arm Statute:
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, VA 23060

MARYLAND CASUALTY COMPANY
As the insurer of MARQUETTE INSULATION, INC.
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

McCARTY CORPORATION
A Louisiana Corporation
Through its registered agent:
Paul H. Spaht
4232 Bluebonnet Blvd.
Baton Rouge, LA 70809

METROPOLITAN LIFE INSURANCE COMPANY
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

MILLER ELECTRIC COMPANY
Registered Agent:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

ONEBEACON AMERICA INSURANCE COMPANY, f/k/a Commercial Union Insurance Company, As the Liability Insurers of the Following Executive Officers of Avondale Industries, Inc.: Henry "Zac" Carter, C. Edwin Hartzman, Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, James O'Donnell, Steve Kennedy, John Chantry, Pete Territo, George Kelmell, Eddie Blanchard, Ollie Gatlin, Melton Garrett, Earl Spooner, John McQue, James T. Cole and Burnette "Frenchy" Bordelon
Through the Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

P&H MINING EQUIPMENT, INC.
Who may be served pursuant to Louisiana Long Arm Statute:
CT Corporation System
301 S. Bedford St., Suite 1
Madison, WI 53703

REILLY-BENTON COMPANY, INC.
A Louisiana Corporation
Through its registered agent:
Thomas Cougill
C/O Willingham, Fultz & Cougill
8550 United Plaza Blvd., Suite 702
Baton Rouge, LA 70809

SAINT-GOBAIN ABRASIVES, INC.
Who may be served pursuant to Louisiana Long Arm Statute:
C.T. Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

TAYLOR-SEIDENBACH, INC.
A corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana
Through its registered agent:
Robert I. Shepard
731 South Scott Street
New Orleans, Louisiana 70119

UNION CARBIDE CORPORATION
Registered Agent:
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

**VIKING PUMP, INC.**
Who may be served pursuant to Louisiana Long Arm Statute:
The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801

FILED

**PETITIONERS' ORIGINAL PETITION** 28 P 3:59
**EXHIBIT "A"**

CIVIL DISTRICT COURT

| | |
|---|---|
| Adult Child: | Sally Pennino |
| Address: | 2525 Elm Lawn Dr.<br>Marrero, LA 70072 |
| Decedent's Widow: | Phyllis Pennino |
| Address: | 1509 Avenue C<br>Marrero, LA 70072 |
| Decedent: | Salvador Pennino |
| Date of Death: | December 11, 2017 |
| Address: | 1509 Avenue C<br>Marrero, LA 70072 |
| Decedent's SSN: | xxx-xx-4585 |
| Disease: | Asbestos-related lung cancer |
| Work History: | Jobsites and employers only include Louisiana jobsites are not all inclusive, and Petitioners reserves the right to amend this Exhibit after further discovery is completed. Dates are best approximations: |

| EMPLOYER | SITE | CRAFT | YEARS |
|---|---|---|---|
| Avondale Shipyards, Inc. | Avondale Shipyard – Bridge City, LA | Laborer | Mid 1950s through at least the late 1970s |
| Unknown | Tug Boats Repair Yard – Louisiana | Welder | Mid 1950s through at least the late 1970s |
| Unknown | Offshore – Louisiana | Laborer | Mid 1950s through at least the late 1970s |
| Sal's Seafood | Marrero, LA | Owner/Operator | Late 1970s until death |

**VERIFIED**