UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHYLLIS PENNINO, ET AL                          CIVIL ACTION

VERSUS                                          NO. 21-363

REILLY-BENTON COMPANY, INC., ET AL              SECTION: "B" (5)

## ORDER AND REASONS

Before the Court are Defendants Avondale Industries, Inc., F/K/A Northrop Grumman Ship Systems, Inc., N/K/A Huntington Ingalls Incorporated, Albert L. Bossier, Jr., and Lamorak Insurance Company's[1] ("Defendants") Notice of Removal, Rec. Doc. 1, Plaintiffs Phyllis Pennino and Sally Pennino's Motion to Remand, Rec. Doc. 18, Defendants' Memorandum in Opposition to Plaintiff' Motion to Remand, Rec. Doc. 23, and Defendants' Notice of Supplemental Authority, Rec. Doc. 25.

For the following reasons, **IT IS ORDERED** that the motion to remand is **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

Salvador Pennino died on December 11, 2017 of lung cancer. Rec. Doc. 18-1 at 2. Plaintiffs Phyllis Pennino and Sally Pennino are, respectively, the surviving spouse and child of Mr. Pennino. *Id*. Plaintiffs filed their petition individually and on behalf of

---

[1] Defendants Notice of Removal, at 3, n.1 indicates that the Lamorak Insurance Company was improperly named as OneBeacon America Insurance Company in the original complaint.

Mr. Pennino against Defendants in the Civil District Court for Orleans Parish, alleging that Mr. Pennino was exposed to asbestos on a daily basis while he was employed by Avondale Shipyards (Avondale) from the "mid 1950s through at least the late 1970s."[2] Rec. Doc. 1-1 at 1, 15. Plaintiffs' further allege Mr. Pennino died from asbestos-related lung cancer as a result of his exposure while working at Avondale. *Id.*

On January 20, 2021, Lee Addison McDaniel, III was deposed. Rec. Doc. 1-2 at 4. Mr. McDaniel testified that he knew Mr. Pennino from when Pennino worked at Avondale as a welder from 1963 to 1967. *See* Rec. Doc. 1-2 at 2. Mr. McDaniel testified to witnessing Mr. Pennino hanging ductwork on Lykes Lines vessels. *See id.* at 3.

The United States Maritime Administration (MARAD) contracted with Avondale to build ships through the Merchant Marine Act of 1936, 46 U.S.C. §§ 1101-1294, *et seq.; see* Rec. Doc. 23 at 3-6. Defendants allege that Lykes Line vessels were built at Avondale as a result of the Merchant Marine Act under the specifications of MARAD and other governmental agencies. *Id.* at 5.

Defendants received Mr. McDaniel's deposition transcript on January 29, 2021, and subsequently filed a Notice of Removal on February 19, 2021, claiming that the Mr. McDaniel's deposition transcript qualified as an "other paper" for the purposes of 28

---

[2] On April 11, 2019, Plaintiffs produced a copy of Mr. Pennino's Social Security Earnings to Avondale indicating that he was only employed by Avondale from 1964 to 1967. *See* Rec. Doc. 18-4 at 6.

U.S.C § 1446(b)(3), and was the basis for removal. *See* Rec. Doc. 1 at 3. Defendants further assert this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1441, 1442, and 1446. *See* Rec. Doc. 1 at 3.

Plaintiffs filed their Motion to Remand thereafter on March 22, 2021 alleging that the removal was untimely. *Id.* at 4.

## LAW AND ANALYSIS

Federal officer removal allows for a civil action commenced in state court to be removed to federal court if the action is related to an officer, person acting under that officer, or agency of the United States when that entity is acting "for or relating to" the color of such office. 28 U.S.C. § 1442(a)(1). The removing defendant bears the burden of demonstrating federal subject matter jurisdiction exists, and therefore that removal was proper. *Breaux v. Gulf Stream Coach, Inc.*, No. CIV.A.08-893, 2009 WL 152109, at *1 (E.D. La. Jan. 21, 2009) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Unlike other forms of removal that are strictly construed in favor of remand, the federal officer removal statute is liberally construed in favor of removal. *Neal v. Ameron Int'l Corp.*, 495 F. Supp. 3d 375, 382 (M.D. La. 2020); *See Breaux,* 2009 WL 152109, at *1.

The Supreme Court has urged courts to refrain from "a narrow, grudging interpretation of § 1442(a)(1)." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). The Federal Officer Removal Statute does

3

not require that the district court have original jurisdiction over the plaintiff's claims and may be removed even if a federal question arises as a defense rather than a claim in the plaintiff's complaint. *See Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020)(citing *Mesa v. California,* 489 U.S. 121, 126 (1989)); *Reulet v. Lamorak Ins. Co.*, No. CV 20-404-BAJ-EWD, 2021 WL 1151568, at *4 (M.D. La. Mar. 4, 2021), report and recommendation adopted, No. CV 20-00404-BAJ-EWD, 2021 WL 1151517 (M.D. La. Mar. 25, 2021). Therefore, the Fifth Circuit allows federal officers to remove cases to federal court beyond the scope of federal question removal. *Reulet,* 2021 WL 1151568, at *4 (M.D. La. Mar. 4, 2021).

Fifth Circuit precedent previously interpreted the "for or relating to" clause in the federal removal statute as requiring defendants to show "that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims;" more recent decisions by the Fifth Circuit have moved away from this approach, and instead, considered whether there is a "direct causal nexus" between the removing defendant's conduct and a federal officer's instructions. *See St. Charles Surgical Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, 990 F.3d 447, 452-53 (5th Cir. 2021); *Neal v. Ameron Int'l Corp.*, 495 F. Supp. 3d 375, 379 (M.D. La. 2020). Under this approach, the defendant must show (1) it has asserted a colorable federal

4

defense, (2) it is a "person" within the meaning of the statute, (3) it acted pursuant to a federal officer's directions, and (4) the charged conduct is *connected or associated* with an act pursuant to a federal officer's directions.[3] *Latiolais,* 951 F.3d at 296.

### A. Removal Was Timely

Defendants' removal was timely. There are two ways to remove an action under §1442. First, you may remove the case after receiving an initial pleading that qualifies for removal. 28 U.S.C. § 1446(b)(1). The removing party has 30 days to remove the action upon receiving an initial pleading that "affirmatively reveals on its face that" the case is removable. *Hutchins v. Anco Insulations*, Inc., No. CV 19-11326, 2021 WL 1961664, at *1 (E.D. La. May 17, 2021) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992)).

When the initial pleading is not removable under § 1446(b)(1), the second way a defendant may file a Notice of Removal is if they receive "a copy of an amended pleading, motion, order or other paper" from which it may first be ascertained that the case is or has become removable. 28 U.S.C. § 1446(b)(3). Much like § 1446(b)(1), the removing party has 30 days to file their Notice of

---

[3] Plaintiffs do not contest elements 2, 3 or 4. Plaintiffs pled, but do not substantiate in their memorandum that Defendants have not asserted a colorable defense. *See* Rec. Doc. 18 at 2. Therefore, our analysis will only examine whether Defendants have asserted a colorable defense.

Removal upon receiving a copy of the satisfactory "amended pleading, motion, order or other paper." *Id.*

The Fifth Circuit's standard of review for whether something qualifies as an "other paper" under § 1446(b)(3) must be "unequivocally clear and certain" to start the 30-day time limit for a Notice of Removal and "should not be one which may have a double design." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-212 (5th Cir. 2002).

Evidence such as oral testimony is not considered an "other paper" under § 1446(b)(3). *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608 (5th Cir. 2018) ("plain meaning of, purpose of, and policy considerations behind § 1446(b) all support the conclusion that oral testimony at a deposition does not constitute 'other paper.'). However, the Fifth Circuit and this Court have found that the *transcript* of a deposition can constitute an "other paper" for the purposes of § 1446(b). *Morgan*, 879 F.3d at 612 ("We adopt a bright-line rule today: Section 1446(b)(3)'s removal clock begins ticking upon receipt of the deposition transcript."). Accordingly, a defendant who fails to file a timely Notice of Removal waives that right. *Brown v. Demco*, Inc., 792 F.2d 478, 481 (5th Cir. 1986).

The deposition transcript of Lee McDaniel III was the first "other paper" to satisfy the standard for removal set forth in § 1446(b)(3), because the Plaintiff's Petition did not indicate what

ships the plaintiff had worked on while employed at Avondale and therefore could not have been the basis of removal. *See* Rec. Doc. 1-1; *See Chapman v. Powermatic, Inc.,* 969 F.2d at 163 (1992); *See also Bosky v. Kroger Texas, LP.,* 288 F.3d at 211 (5th Cir. 2002).

Mr. McDaniel's deposition transcript "affirmatively reveals on its face that" the case is removable. Mr. McDaniel confirmed he knew Mr. Pennino and observed him working on Lykes Line vessels. *See* Rec. Doc. 1-2 at 5-6.

Plaintiffs assert that the social security earning statements provided to the Defendants in 2019 were considered "other papers," and therefore Defendants waived their rights to remove years ago. *See* Rec. Doc. 18-1 at 6.

However, this argument is unpersuasive because the social security statements slips established that Mr. Pennino worked for Avondale during the period of 1964 to 1967, *See* Doc. Rec. 18-4 at 6, but failed to "affirmatively reveals on its face that" Mr. Pennino's work at Avondale included working on Lykes Line vessels.

Plaintiffs assert that the Defendants "should have readily ascertained" Mr. Pennino had worked on Lykes Line vessels during his time at Avondale because the period in which Defendants knew Lykes Line ships were built at Avondale overlapped with the period of time indicated by Mr. Pennino's social security slips.

Apart from this information, the social security slips contain no indication of Pennino's occupational responsibilities

at the shipyard. The slips fail to "affirmatively reveals on [their] face" the removability of the case and are inapposite of the Fifth Circuit's precedent regarding defendants' subjective knowledge. Assuming that Defendants subjectively knew Mr. Pennino worked on Lykes Lines vessels when the document itself only provides a date that overlaps with *potential* periods when federal contracts were worked on is not unequivocal notice. Finding otherwise would lead to the overuse of defensive removability in an effort to avoid waiving the privilege to remove at every avenue of discovery.

Plaintiffs alternatively claim that the time for removal began within 30 days of receiving the Plaintiffs' master discovery responses based on similar reasoning. Nothing in the record indicates that any "other paper" provided during discovery "affirmatively reveals on its face" that the case was removable and Plaintiffs have failed to include any evidence or citations substantiating this claim.

The deposition transcript of Lee McDaniel III was the first time the Defendants affirmatively established Mr. Pennino had worked on Lykes Line vessels at Avondale. As such, the 30 day period for removal under § 1446(b)(3) began on January 29, 2021, and Defendants filed a timely Notice of Removal on February 19, 2021. Thus, Defendants notice of removal was timely.

## B. The Voluntary-Involuntary Rule Does Not Apply

The voluntary-involuntary rule is a judicially created principle that states a non-removable action may only become removable by a voluntary act of the plaintiff. *Crockett v. R.J. Reynolds Tabacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)). Despite no reference to the rule in the text of §1446(b)(3), the Fifth Circuit has continued to recognize the voluntary-involuntary rule. *Weems*, 380 F.2d at 548 (finding that the intended effect of § 1446(b)(3) is to allow for a non-removable case to later become removable, whereas the voluntary-involuntary rule typically resolves what materials make a case removable).

However, the Fifth Circuit has also recognized exceptions to the rule, such as when a non-diverse or in-state defendant is dismissed on account of fraudulent joinder. *Crockett*, 436 F. 3d at 532 (citing *Insinga v. LaBella*, 845 F. 2d 249, 254 (11th Cir. 1988)). While the Fifth Circuit has not explicitly acknowledged federal officer removals as another exception to the voluntary-involuntary rule, this Court has warned that the policy considerations underlying federal officer removal and judicial economy "warrant a departure from the voluntary-involuntary rule" under certain fact patterns. *Hutchins*, 2021 WL 1961664, at *2.

In *Hutchins*, defendants received written "status cards"[4] from their expert that the ships in question were built under the directions of a federal officer and removed the matter to federal court. *Id.* Like the case at bar, the plaintiff in Hutchins contended that the defendant expert's written notice was the voluntary act of the defendants, not plaintiff. *Id*.[5]

The Court acknowledged that this was the case, but concluded that an exception should be made to the voluntary-involuntary rule in cases where federal officer removal is the sole grounds for subject matter jurisdiction because of the policy considerations underlying federal officer removal and the "waste of judicial economy which would ultimately result from remanding" *Hutchins*, 2021 WL 1961664, at *2-3.

Consistent with the reasoning in *Hutchins*, application of the voluntary-involuntary would result in a waste of judicial resources in this case as well, and would serve to undermine the Supreme Court's direction that § 1446 should be interpreted liberally in cases where federal officer removal forms the sole basis for removal. *Id.; see also Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 n. 10 (5th Cir. 2018).

---

[4]  Vessel "status cards" were provided to corporate defendant Continental by its own retained expert.  *Hutchins*, 2021 WL 1961664 at *2; *See* Rec. Doc. 25-1 at 4.
[5]  As here, the case was a wrongful death suit involving asbestos exposure during the construction of ships contracted by the federal government.  Hutchins, 2021 WL 1961664 at *2, at *1.

### C.   Federal Officer Removal Was Proper

To survive the removal stage, defendants only need to articulate a federal defense's "colorable" applicability to the plaintiff's claims. *See Willingham*, 395 U.S. at 407; *See also Dempster v. Lamorak Ins. Co.*, 435 F. Supp. 3d 708, 729 (E.D. La. 2020). An asserted federal defense is colorable if (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Boyle*, 487 U.S. 500 at 512. The federal defense cannot be "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Latiolais*, 951 F.3d at 297.

The Fifth Circuit and this Court have previously found that Avondale's MARAD (U. S. Maritime Administration) vessels, including Lykes Line ships, were created as a result of governmental contracts between Avondale and MARAD, and fell within the purview of federal officer removal. See *Wilde v. Huntington Ingalls, Inc.,* 616 F. App'x 710, 713 (5th Cir. 2015); *See also Reulet,* 2021 WL 1151568, at *1.

As explained infra, the federal officer removal statute is liberally construed in favor of removal. 28 U.S.C. § 1442(a)(1);

*Neal v. Ameron Int'l Corp.,* 495 F. Supp. 3d 375, 382 (M.D. La. 2020); See Breaux, 2009 WL 152109, at *1.

Under the foregoing circumstances and standards, defendants have met their burden of demonstrating colorable federal defenses for application of federal jurisdiction and removal to federal court. Thus far, undisputed evidence demonstrates that Lykes Line C4-S-66a cargo ships were built at Avondale pursuant to the Merchant Marine Act, and administered by MARAD pursuant to 46 U.S.C. §§ 1101-1294, et seq.; and constructed with oversight from various governmental authorities and specifications requiring Avondale to use and install asbestos-containing materials. Rec. Doc. 23 at 3-6. As in *Latiolais*, and solely in the removal context, this civil action relates to an act under color of federal office and law. To be "colorable," the asserted federal defense need not be "clearly sustainable," as section 1442 does not require a federal official or person acting under him "to 'win his case before he can have it removed.'" *See Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

New Orleans, Louisiana this 26th day of August, 2021

SENIOR UNITED STATES DISTRICT JUDGE