UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHYLLIS PENNINO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-363** |
| **REILLY-BENTON COMPANY, INC., ET AL.** | **SECTION "B"(5)** |

### ORDER AND REASONS

Considering plaintiff Sally Pennino's[1] motion for leave to file a late response (Rec. Doc. 145) and defendant Hobart Brothers LLC's incorporated motion to strike plaintiff's untimely opposition (Rec. Doc. 144),

**IT IS ORDERED** that plaintiff's motion for leave to file a late response (Rec. Doc. 145) is **GRANTED** and defendant's motion to strike (Rec. Doc. 144) is **DISMISSED AS MOOT.** "Federal Rule of Civil Procedure 6(b)(1) grants a district court discretion to allow untimely responses where the party failed to act because of excusable neglect." *Rasco v. Potter*, 265 F. App'x 279, 283 (5th Cir. 2008) (per curiam) (quoting Fed. R. Civ. P. 6(b)(1)); *see also Homelife in the Gardens, LLC v. Landry*, No. 16-15549, 2018 WL 310377, at *1 (E.D. La. Jan. 5, 2018) (applying the "excusable neglect" standard to deny defendant's motion for leave to file an

---

[1] Even though there were originally two plaintiffs in this case, the instant motions refer to plaintiff in the singular. *See* Rec. Docs. 144, 145. Cross claimant Huntington Ingalls Incorporated filed a suggestion of death as to plaintiff Phyllis Pennino on May 11, 2022. Rec. Doc. 104. Plaintiffs, however, never acknowledged this death or submitted a response. *See* Rec. Doc. 112 at 5. Although somewhat unclear, the Court defers to the parties in referencing plaintiff in the singular.

1

untimely opposition). To determine excusable neglect, a court considers "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (quoting *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980)). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2020 WL 2812866, at *2 (N.D. Tex. May 30, 2020) (quoting *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam)).

This inquiry applies to the actions of both the party and its counsel. *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021). Moreover, the party seeking an enlargement of time bears the burden of demonstrating excusable neglect. *Murray v. Int'l Bus. Machs. Corp.*, No. 3:14-CV-1809-M(BF), 2015 WL 6745798, at *2 (N.D. Tex. Oct. 7, 2015) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1982)).

On June 3, 2022, defendant Hobart Brothers, LLC ("Hobart") filed a motion for summary judgment against plaintiff for submission on July 22, 2022. Rec. Doc. 114. According to the Local Civil Rules of the Eastern District of Louisiana, plaintiff was

thus required to file a response by July 14, 2022. *See* LR 7.5 (requiring that "a party opposing a motion must file and serve a memorandum in opposition to motion with citations of authorities no later than eight days before the noticed submission date"). Instead, plaintiff filed a response on July 21, 2022, seven days after the deadline. *See* Rec. Doc. 135.

The next day, Hobart filed a motion for leave to file a reply and incorporated motion to strike plaintiff's untimely response, stating that "[t]here is no doubt that Hobart has been prejudiced by this late filing as the matter is due to be submitted to the Court in less than 24 hours, thereby depriving Hobart of a meaningful opportunity to submit a reply brief." Rec. Doc. 144 at 2; *see also* Rec. Doc. 140. Plaintiffs then submitted the instant motion for leave to file a late response on June 23, 2022, explaining that "[d]ue to an administrative error, the submission date, June 22, 2022, was calendared as the deadline for Plaintiff's response" and "[a]s such, Plaintiff's response was filed the day prior on June 21, 2022." Rec. Doc. 145 at 1. Plaintiffs add that "Defendant is not prejudiced by the granting of this motion as discovery is still ongoing and does not close until August 9, 2022 making Defendant's Motion for Summary Judgment premature at this time." *Id.*

A calendaring error is the only reason plaintiff provides for her late filing. *See* Rec. Doc. 145. Although the Fifth Circuit has

3

sometimes concluded that calendaring mistakes do not constitute excusable neglect, after reviewing all the relevant factors, the Court finds that this error constitutes excusable neglect in the instant matter. *See, e.g., Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 437 (5th Cir. 2018) (per curiam) (failure to calendar a deadline does not constitute excusable neglect under Rule 60(b)(1)); *Buckmire v. Mem'l Hermann Healthcare Sys. Inc.*, 456 F. App'x 431, 432 (5th Cir. 2012) (per curiam) (same); *but see Coleman Hammons Constr. Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 282-83 (5th Cir. 2019) (stating that the excusable neglect determination is "at bottom an equitable one, taking account of all relevant circumstances").[2]

The Fifth Circuit has acknowledged that "the ordinary meaning of neglect 'encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *L.A. Pub. Ins.*, 17 F.4th at 525 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. LP*, 507 U.S. 380, 388 (1993)). Moreover, the court notes that the excusable neglect inquiry "contains leeway for parties who make good-faith mistakes." *Coleman*, 942 F.3d at 283. Here, the relevant factors indicate excusable neglect. First, the record does not reflect that plaintiff acted in bad faith. *See* Rec. Docs.

---

[2] "The same 'excusable neglect' standard applies under both 60(b)(1) and Rule 6(b)(1)." *Homelife*, 2018 WL 310377, at *2 (comparing *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC,* 534 F.3d 469, 472 (5th Cir. 2008) (Rule 60(b)(1)), with *Adams*, 465 F.3d at 161 n.8 (Rule 6(b)(1))).

4

144, 145. Second, the delay was relatively short: plaintiff filed her response a week late. *See Adams*, 465 F.3d at 161 n.8 (factoring in the length of delay).

Third, Hobart did claim that it was prejudiced by plaintiff's delay; however, the Court does not find any significant prejudice. We recognize that because of plaintiff's delay, defendant only had one day before the motion's submission date to file a reply. *See* Rec. Docs. 135, 140, 144. Nevertheless, defendant was able to submit a reply within that time frame. Rec. Doc. 144. Moreover, the deadline for dispositive motions is not until August 3, 2022, and the pre-conference and trial dates are not until September 8, 2022 and September 19, 2022, respectively. Rec. Doc. 80. Accordingly, as the Court finds no significant prejudice to Hobart, and upon reviewing all relevant factors,[3] the Court concludes that plaintiff has demonstrated excusable neglect. *See Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (affirming the district court's finding that the calendar error of plaintiff's counsel was excusable neglect); *XL Ins. Am., Inc. v. Associated Terminals, LLC*, No. 20-427, 2021 WL 1212721, at *1 n.1 (E.D. La. Mar. 31, 2021) (Lemelle, J.), *vacated and remanded on*

---

[3] Although plaintiff's calendaring error "was within the reasonable control of the movant," the Court still finds excusable neglect in plaintiff's delay. *See Adams*, 465 F.3d at 161 n.8; *see, e.g.*, *Theriot v. Bldg. Trades United Pension Tr. Fund*, No. 18-10250, 2022 WL 2191668, at *3 (E.D. La. June 17, 2022) (finding the plaintiff demonstrated excusable neglect despite acknowledgment that the reason for delay was within the plaintiff's control).

*other grounds*, No. 21-30520, 2022 WL 2093352 (5th Cir. June 10, 2022) (mooting defendant's request to strike an untimely opposition because, as here, it was the plaintiff's first untimely filing); *Theriot*, 2022 WL 219168, at *3 (finding plaintiff's calendaring error was excusable neglect).

It is worth noting, however, that there are many pending motions in this matter which plaintiff may choose to oppose. *See* Rec. Docs. 110, 127-29, 132-34, 137-39. The Court reminds that any future calendaring errors will also be subject to the excusable neglect standard and multiple requests for extensions or for filing late responses can change the calculus as to whether plaintiff has demonstrated excusable neglect. *See Adams*, 465 F.3d 156 at 161 (finding no excusable neglect when the plaintiff filed an untimely response after two extensions); *Vaseudevan v. Adm'rs of Tulane Educ. Fund*, 706 F. App'x 147, 150-51 (5th Cir. 2017) (finding same); *Rasco*, 265 F. App'x at 283 (5th Cir. 2008) (finding no excusable neglect when the plaintiff filed an untimely response after three extensions).

New Orleans, Louisiana this 24th day of June, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE